**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

MAGAZINE INCORPORAÇÕES S.A., ET AL.[1]         Chapter 15

                                                   Case No.: 20-19746-BKC-LMI

     Debtors in a Foreign Proceeding.
_____/

## MOTION FOR ORDER OF RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 AND REQUEST FOR HEARING

---

[1] The Brazilian Court entered an order extending the bankruptcy to include the following additional debtors: Aldeia Shop Investimentos e Participações Societárias Ltda, Allmalls Participações LTDA., Atlas Investments LTDA, Bertol Aerotáxi Ltda, Bottosso Serviços Administrativos LTDA. – ME, BR.Agroadm Participações Ltda., Brasilwoods Participações LTDA., Brpark Estacionamentos LTDA, Cápsula Eventos LTDA, Centermall Participações LTDA., City Hotéis Administração S.A., Cne Adm Participações Societárias LTDA., Cne Centro Oeste Participações Societárias LTDA, Cne Credit Participações Societárias LTDA., Cne Editora e Gráfica LTDA., Cne Franquias LTDA., Cne Nordeste Participações Societárias LTDA., Cne Norte Participações Societárias LTDA., Cne Participações Societárias LTDA., Cne Properties Empresariais Imobiliárias LTDA., Cne Sudeste Participações Societárias LTDA., Cne Sul Participações Societárias LTDA, Cnetech Participações Societárias LTDA, Condomínio Shopping Gravataí Ltda, Diamond Participações Societárias LTDA, Diamondmall Participações LTDA., E-global Marketplace Participações e Administração de Shopping Center, Egm I Participações LTDA, Egm III Participações LTDA., Egm IV Participações LTDA., Egm V Participações LTDA., Egm VI Participações LTDA., Egm VII Participações LTDA, Fazenda 4R Participações Ltda., Fazenda Graciosa Participações LTDA., Fazenda Jk Participações LTDA, Fazenda Ribeirão Preto Participações LTDA., Fazenda São Carlos Participações S.A, Fullagro Participações LTDA., Ggp Adm Participações Societárias LTDA, Ggp Bh Participações Societárias Ltda, Ggp Bsb Participações Societárias LTDA, Ggp Cj Participações Societárias LTDA., Ggp Cwb Participações Societária LTDA., Ggp Fln Participações Societárias LTDA., Ggp Mia Participações Societárias LTDA., Ggp Ny Participações Societárias LTDA., Ggp Paris Participações Societárias LTDA., Ggp Ssa Participações Societárias LTDA., Globalfinance Participações LTDA, Globalmalls Participações e Administração de Shopping Center S.A., Gmalls Editora e Distribuidora LTDA., Gmcard Participações Ltda., Gmtv Participações LTDA., Go Mall Assessoria Para Shopping Centers LTDA., Gravataí Shop Investimentos e Participações Societárias Ltda, Groenlândia Properties Empreendimentos e Participações S.A., Guepardo Global Properties Participações LTDA., Guepardo Tecnologia e Participações S.A, Haus Mídia e Merchandising LTDA, Imperiale Participações Ltda., Irrbrasil LTDA, Jvl Equity Participações Societárias LTDA, Jvl Participações LTDA., Latan Participações Societárias LTDA., Lorival Rodrigues 5813226010419, M. Invest Planejamento e Administração de Shopping Center S.A., M. Africa Participações Ltda, M. América Participações Ltda, M. Asia Participações Ltda, M Blue Participações Ltda, M. Continental Participações SPE Ltda, M Europa Participações Ltda, M. Fit Participações Ltda., M. Fortaleza Participações Ltda., M Gold Center Participações Ltda, M Infinity Participações Ltda, M. Plaza Participações SPE LTDA., M. Rental Participações Ltda, M. Royal Participações SPE LTDA., Magazine Sul Representações Ltda ME, Mineração Rio Azul LTDA –ME, Mineral Agro Participações S/A, MPAR Participações S. A, Multi Mix Comunicação Corporativa LTDA – EPP, Multihotéis Planejamento e Administração de Hotéis S.A, Nacional Agro Participações Ltda., Olive Fomento Cultural LTDA, Oneagro Participações LTDA., Onemall Participações LTDA., Península Participações Societárias LTDA., Phoenix Floresta Participações LTDA., Sma Participações LTDA., Sul Forte Soluções Imobiliárias Ltda – Me, Topcom Comunicação LTDA., Topmall Participações LTDA., Trademalls Participações LTDA., Twb Participações S.A., União Participações Ltda., Vila Rica Agro Participações Ltda., Wish Gestão de Talentos LTDA.

Medeiros & Medeiros Administração Judicial, the judicial administrator of the foreign bankruptcy estate ("Judicial Administrator" or "Foreign Representative"), moves this Court for entry of an Order recognizing the foreign bankruptcy proceeding ("Brazilian Proceeding") of Magazine Incorporações S.A. ("Magazine"), et al. (collectively, the "Debtors") pending before the Business, Corporate Reorganization and Bankruptcy Court of the Judicial District of Porto Alegre, State of Rio Grande do Sul ("Brazilian Court"), as a foreign main proceeding under 11 U.S.C. § 1517,[2] granting related relief pursuant to §§ 1520 and 1521, and granting any additional relief which may be available under the Bankruptcy Code. The Foreign Representative further requests a hearing on the initial petition (ECF No. 1) ("Petition") and this Motion no earlier than (21) days after the date the Court issues its notice of hearing but, in any event, "at the earliest possible time" thereafter.  *See* Fed. R. Bankr. P. 2002(q); § 1517(c).

## PRELIMINARY STATEMENT, JURISDICTION, & VENUE

1. The Foreign Representative files the Petition and this Motion under § 1504 to seek recognition of the Brazilian Proceeding as a "foreign main proceeding," as defined in § 1502(4).

2. The Petition and the Motion are supported by the Declaration under penalty of perjury of João Adalberto Medeiros Fernandes Júnior and Laurence Bica Medeiros, on behalf of the Judicial Administrator ("Declaration") attached as **Exhibit 1**. The Declaration itself contains several exhibits referred to and incorporated herein.[3] The Declaration also provides a summary of the Brazilian Proceeding.

3. A true and correct copy of the Order dated July 26, 2017 appointing the Foreign Representative to administer the insolvency proceedings of the Debtors ("Appointment Order") is

---

[2] All statutory references shall be to Title 11 U.S.C. § 101 *et seq*. ("Bankruptcy Code"), unless otherwise specified.
[3] Exhibit "A" of the Declaration is referenced herein as Exhibit "1(A)" and so on.

attached to the Declaration as **Exhibit 1(C)**. The Foreign Representative has served in this capacity continuously since accepting the appointment.[4]

4. As required by Fed. R. Bankr. P. 1007(a)(4), a Statement of Corporate Ownership, in conformity with Fed. R. Bankr. P. 7007.1 is attached hereto as **Exhibit 2**.

5. The Debtors' center of main interests is in Porto Alegre, Brazil, where Magazine's principal place of business and registered office are located. The additional Debtors have been consolidated into the Brazilian Proceeding pending in Porto Alegre, Brazil. See Ex. 1 ¶ 15.

6. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and §§ 109 and 1501 of the Bankruptcy Code.

7. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

8. Venue is proper in this district under 28 U.S.C. § 1410. The Foreign Representative has retained Sequor Law, P.A ("Sequor Law") in this district, and Sequor Law holds in its trust account in this District US$ 1,500 on behalf of and for the benefit of the Debtors, to which funds Sequor Law has no rights of setoff, charging lien, or similar right. See Ex. 1 ¶ 23.

## SUMMARY OF FACTUAL BACKGROUND

9. The Brazilian Court found that the Debtors all operate under a common corporate group known as the M Group and that each of the Debtors is owned or managed by one or more of the following individuals: Lorival Rodrigues, his wife Tania Rodrigues, their son Cyro Santiago Rodrigues, their daughter Camila Santiago Rodrigues, and M Group's General Counsel Norma Botosso. Together, these individuals orchestrated the movement of assets of the Debtor entities in

---

[4] The Foreign Representative is the second judicial administrator of the Brazilian bankruptcy estate. The original judicial administrator was appointed on February 16, 2017, and shortly thereafter asked the Brazilian Court to allow him to employ the services of Medeiros & Medeiros Administração Judicial to administer the bankruptcy estate. The Brazilian Court eventually removed the old judicial administrator and formally replaced him with Medeiros & Medeiros Administração Judicial by order dated July 26, 2017.

a manner designed to defraud and conceal assets from creditors, as described herein. Ex. 1 ¶ 18; Ex.1(B) at 22-24.

### Procedural Summary of the Brazilian Bankruptcy Proceedings

10. Magazine was incorporated in 2008 to develop real estate projects mainly in the area of Porto Alegre, Brazil. Magazine grew exponentially in 2010 by raising capital through bank financing and private investors and contracted to build large, high profile real estate projects including shopping centers, hotels, and commercial and residential buildings, including what was supposed to be the tallest residential building in Brazil. Ex. 1 ¶ 16.

11. On February 10, 2017, the Brazilian Court adjudicated Magazine insolvent (the "Bankruptcy Decree") upon application by a creditor for non-payment of a contractual debt. A true and correct copy of the Bankruptcy Decree is attached to the Declaration as **Exhibit 1(A)**. In reaching its decision, the Brazilian Court considered, among other things, Magazine's failure to comply with its obligations, including substantial delays and stoppages on construction projects the company was involved with and failure to repay bonds. Ex. 1 ¶ 17; Ex. 1(A) at 11. For example, Magazine failed to deliver two hotels promised for 2014 that were nowhere near complete three years after the deadline. Ex. 1 ¶ 10.

12. The Bankruptcy Decree also relied on the fact that Magazine had been named in hundreds of lawsuits in the two years preceding the bankruptcy due to its failure to perform under various contracts. The company had been named as a respondent or debtor in over two hundred lawsuits in the Judicial District of Porto Alegre alone, and in over one hundred lawsuits in the Judicial District of Gravataí. Ex. 1 ¶ 11; Ex. 1(A) at 11.

13. On February 16, 2017, the Brazilian Court ordered the freezing and collection of all assets of Magazine and the freezing of its partners' assets. Ex. 1 ¶ 12; Ex. 1(A) at 13-14.

14. Also on February 16, 2017, the Brazilian Court appointed Marcelo Machado Bertolucci as the judicial administrator of the Bankruptcy Estate of Magazine. Ex. 1 ¶ 12; Ex. 1(A) at 13. The Brazilian Court later replaced him with the current Judicial Administrator, Medeiros & Medeiros Administração Judicial, by order dated July 26, 2017. Ex. 1 ¶ 13; Ex. 1(C).

15. On June 24, 2019 and July 15, 2019, the Brazilian Court extended the bankruptcy estate to include the additional Debtors listed in footnote 1, *supra*. Ex. 1 ¶ 14; Ex. 1(B). The Brazilian Court determined that, though the additional Debtors claim to have different business purposes, ranging from construction to forestry, the timing of their creation, their common ownership structure, same address, same phone number, and their ownership of assets (or lack thereof) all strongly suggest that their true purpose is to defraud and conceal assets from hundreds of creditors of Magazine. Ex. 1 ¶¶ 18, 20; Ex. 1(B) at 22-25.

**The Relationship Between the Debtors and their Owners**

16. The Brazilian Court found that the Debtors share many common characteristics confirming their close relationship to each other. All of the Debtors are ultimately owned or managed by either Lorival Rodrigues, his wife Tania Rodrigues, their son Cyro Santiago Rodrigues, their daughter Camila Santiago Rodrigues, and/or M Group's General Counsel Norma Botosso. In addition to having common ownership, as discussed below, many of the Debtors share the same registered addresses, phone numbers, capital structures, and articles of incorporation. Ex. 1 ¶¶ 18(a), 18(f), 18(g); Ex. 1(B) at 22.

17. Additionally, the Brazilian Court found suspicious that many of the Debtor entities were created at the time that multiple lawsuits against Magazine were initiated and Magazine's assets were apparently depleted.

> [I]t was also demonstrated that most of the [Debtors] were incorporated in or after 2013…and many of them were even incorporated on the same day, which exactly

coincides with the time when lawsuits against companies belonging to the business group at issue began to multiply [sic]. That was also the year in which there were drastic changes in [Magazine Incorporações S.A.'s] accounts within a very short period of time (i.e. its assets decreased from R$148 million in 2013 to R$0.00 in 2014, according to its Corporate Income Tax Return (DIPJ)…).

Ex. 1 ¶¶ 18(b), 18(c); Ex. 1(B) at 22.

18. The Brazilian Court further found that, at the time it entered the Bankruptcy Decree freezing Magazine's accounts, the company barely had any assets, yet some Debtors in the corporate group owned about R$2 billion in share capital. The Brazilian Court concluded that "there was a concerted action, in flagrant deviation from [Magazine's corporate] purpose, to defraud clients and creditors through merger and concealment of assets." Ex. 1 ¶¶ 18(e), 18(f), 18(h); Ex. 1(B) at 22-25.

19. After detailing suspicious facts relating to the ownership, management, share capital, and hard assets of the Debtors, the Brazilian Court concluded without reservation:

Accordingly, this court is able to conclude with certainty that the complex business structure was created not only with the intent to divert and/or shield assets, but also, through fictitious share capitals and the self-promotion of the group, to raise funds in the financial market and from individuals, in a scheme of immeasurable proportions that has harmed hundreds of clients, buyers in good faith, and financial institutions that fomented the group's operations, as has been seen in lawsuits against [Magazine] and other group companies.

Ex. 1 ¶ 20; Ex. 1(B) at 25.

**FOREIGN REPRESENTATIVE'S WORLDWIDE INVESTIGATION AND DEBTORS' US PROPERTY**

20. Because of the substantial shortfall in the estate and other suspicious transactions, the Foreign Representative has been charged to investigate the Debtors' business, affairs, and dealings, both in Brazil and worldwide. Ex. 1 ¶ 22; see Ex. 1(B).

21.     The instant Petition and Motion for recognition of the Brazilian Proceeding in the United States are of critical importance to the Foreign Representative's worldwide pursuit of assets with which to satisfy unpaid claims as well as to investigate, identify, and marshal the Debtors' assets in the United States. For these reasons, the Foreign Representative seeks recognition of the Brazilian Proceedings. Ex. 1 ¶ 23.

## **RECOGNITION IS APPROPRIATE**

22.     The Foreign Representative has satisfied each of the requirements for recognition of the Brazilian Proceeding under Chapter 15 of the Bankruptcy Code, as follows:

(a)     The Foreign Representative qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24) because it is a body authorized in the Brazilian Proceeding to administer the liquidation of the Debtors' assets and affairs, and to act as a representative of the Brazilian Proceeding. Ex. 1 ¶ 25.

(b)     The Brazilian Proceeding is a "foreign main proceeding" as defined in 11 U.S.C. §§ 101(23) and 1502(4), because it is (i) pending in Brazil, which is the Debtors' center of main interests; and (ii) a collective judicial proceeding under a law relating to insolvency or adjustment of debt in which proceeding the Debtors' assets and affairs are subject to the control or supervision of the Brazilian Court for the purpose of liquidation. Ex. 1 ¶¶ 26-27.

(c)     The Debtors meet the requirements of a "debtor" as defined in sections 109(a), if applicable, and 1502 because the Debtors are the subject of a foreign proceeding and have assets in the United States, including a retainer on deposit with Sequor Law and property of the Debtors in trust in the amount of US $1,500. Ex. 1 ¶ 24.

 (d) This Motion is accompanied by the Order of the Brazilian Court, dated July 24, 2017, appointing the Foreign Representative as judicial administrator in the liquidation proceedings relating to the Debtors.  See **Exhibit 1(C)**.

 (e) This Motion is accompanied by the following additional Orders of the Brazilian Court: (1) Order dated February 10, 2017, declaring the bankruptcy of Debtor Magazine, and (2) Orders dated June 24, 2019 and July 15, 2019, extending the bankruptcy to include the Debtors listed in footnote 1. These Orders all require the liquidation of assets of all Debtors for the benefit of creditors. See **Exhibits 1(A)-1(B)**.

 (f) Additionally, the Declaration contains the list of all foreign proceedings, persons, or entities that must be identified pursuant to 11 U.S.C. § 1515 and Fed. R. Bankr. P. 1007. Ex. 1 ¶ 32.

23. Upon recognition of a foreign proceeding and at the request of a foreign representative, the Court may grant (with certain express exceptions not applicable here) "any appropriate relief," including any injunctive relief, and "any additional relief that may be available to a trustee," that is necessary to effectuate the purpose of Chapter 15 and to protect the debtor's assets or the creditors' interests. 11 U.S.C. § 1521(a). Further, Section 1521(b) provides that "[u]pon recognition of a foreign proceeding, whether main or nonmain, the court may, at the request of the foreign representative, entrust the distribution of all or part of the debtor's assets located in the United States to the foreign representative . . . provided that the court is satisfied that the interests of creditors in the United States are sufficiently protected." 11 U.S.C. § 1521(b).

**RELIEF REQUESTED**

24. The Foreign Representative seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached as **Exhibit 3** hereto, granting the following relief:

(a) Recognizing the Brazilian Proceeding as a foreign main proceeding and the Foreign Representative as the duly authorized Foreign Representative of the Debtors;

(b) Granting the relief allowable as of right upon recognition of a foreign main proceeding under § 1520 of the Bankruptcy Code;

(c) Granting all available and appropriate relief under § 1521 of the Bankruptcy Code, including:

  (1) staying the commencement or continuation of any action or proceeding concerning rights, obligations, or liabilities of the Debtors and the Debtors' bankruptcy estate, to the extent not stayed under § 1520(a) of the Bankruptcy Code;

  (2) staying execution against the Debtors' assets, to the extent not stayed under § 1520(a);

  (3) suspending the right to transfer or otherwise dispose of any assets of the Debtors to the extent this right has not been suspended under § 1520(a);

  (4) providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations, or liability of the Debtors or the Debtors' estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5) entrusting the administration or realization of all of the Debtors' assets within the territorial jurisdiction of the United States to the Foreign Representative;

(6) entrusting the distribution of all or part of the Debtors' assets located within the United States to the Foreign Representative and finding that the interests of the creditors in the United States are sufficiently protected thereby;

(7) otherwise granting comity to and giving full force and effect to the orders and documents attached to this Motion; and

(8) granting the Foreign Representative such other and further relief as this Court may deem just and proper.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that this Court enter an Order substantially in the form of the Proposed Order attached as **Exhibit 3** and grant such other relief as may be just and proper.

Date: September 8, 2020

Respectfully submitted,
**SEQUOR LAW, P.A.**
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
lblanco@sequorlaw.com
cgoncalves@sequorlaw.com
Telephone:   (305) 372-8282
Facsimile:    (305) 372-8202

By: */s/ Leyza Blanco*
    Leyza Blanco
    Florida Bar No. 104639
    Carolina Zambrano Goncalves
    Florida Bar No. 124570